[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this amended petition for a writ of habeas corpus alleging that the respondent has incorrectly calculated the petitioner's presentence confinement and confinement good time credits for the period between April 17, 1993 to August 22, 1993 while he was confined by the Commonwealth CT Page 7096 of Pennsylvania as a fugitive from charges in the State of Connecticut for extradition from Pennsylvania to Connecticut.
The matter arose from a warrant issued in the Judicial District of Fairfield at Bridgeport for the arrest of the petitioner on charges alleging criminal attempt to commit murder and assault in the first degree. Because the petitioner had left the state the warrant was entered into the National Crime Information Center leading to his arrest in Philadelphia, Pennsylvania. On April 21, 1994 the petitioner entered a plea of guilty to assault in the first degree and was sentenced on June 10, 1994 to fourteen years incarceration. The respondent has granted the petitioner applicable presentence jail and jail good time credits from the date of his return to Connecticut but not for his confinement while in Pennsylvania.
The parties have entered a Stipulation of Facts for the purpose officer 1 arguments which stipulation has been attached to this memorandum. The petitioner also testified as to his financial condition at the time of his arrest in Pennsylvania on April 16, 1993 and his return to Connecticut on August 23, 1993 and this court found that he would have been indigent, being without the ability to hire counsel or make any substantial bond. He in fact was represented by the public defender's offices both in Pennsylvania and on his return to Connecticut.
Our Supreme Court has already decided that the language of G.S. 18-98 concerning presentence credits to be calculated for crimes committed prior to July 1, 1981 is clearly expressed and does not apply to persons confined outside of Connecticut contesting extradition, Johnson v. Marison, 196 Conn. 309, 315
and that the commissioner cannot provide any such credits under the authority of G.S. 18-98. Taylor v. Robinson, 196 Conn. 572,577. G.S. 18-98d which applies to such credits for crimes committed after July 1, 1981 does not change such authority.
For the above reasons the petition is denied.
Corrigan, JTR CT Page 7097